IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00638-PAB–KMT

MICHAEL KEITH TIVIS,

    Plaintiff,

v.

MR. HUFFMAN,
MRS. FISCUS, and
MRS. MEGHAN REED,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case involves claims that Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act. Plaintiff asserts jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The matter comes before the court on Defendants' "Motion to Dismiss Plaintiff's Prisoner Complaint (Doc. #3)" (Doc. No. 15 [Mot.]) and Plaintiff's Response (Doc. No. 18 [Resp.]). Defendants did not file a reply. The motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

    The following account is taken from Plaintiff's Complaint (Doc. No. 3 [Compl.]) and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated at the

Sterling Correctional Facility (SCF), within the Colorado Department of Corrections (CDOC). (Compl. at 3.)  He asserts three claims for relief.

In Claim One, Plaintiff alleges that he has a permanent disability which prevents him from walking.  (*Id.* at 6.)  He states he was assigned to scrub ovens and walls in the west kitchen of the SCF.  (*Id.*)  Plaintiff contends he showed Defendants Fiscus and Huffman a copy of his medical record and the Americans with Disabilities (ADA) documentation but was told by the defendants that "it wasn't their job to accommodate him and that he had know [sic] choice in the matter."  (*Id.*)  Apparently when he refused to perform the work, Plaintiff was charged with a Class II, Rule 22, Failure to Work violation.  (*Id.* at 6, 13.)  After a disciplinary hearing, Plaintiff was found guilty.  (*Id.*)  Plaintiff alleges that the defendants, in forcing him to scrub ovens and walls while he was in extreme pain and charging him with a violation, "violated all the statutes set by congress to protect those with disabilities" and violated the Eighth Amendment's prohibition against cruel and unusual punishment.  (*Id.* at 7.)  Plaintiff also appears to assert a claim for retaliation, alleging that charging him with a violation "could be used to keep [Plaintiff] in the highest custody level of the Sterling Prison" and that "[b]ogus write-up[s] are often used as tools for retaliation and punishment."  (*Id.* at 8.)  In Claim Two, Plaintiff again asserts Defendants violated the Eighth Amendment's prohibition against unnecessary and wanton infliction of pain and cruel and unusual punishment by forcing him to scrub ovens and walls while he was in severe pain.  (*Id.* at 8.)  In Claim Three, Plaintiff alleges Defendants violated the Equal Protection Clause of the Fourteenth Amendment by charging him with a

violation for his failure to work. (*Id.* at 9.) Plaintiff sues all defendants in their individual and official capacities, seeking compensatory and punitive damages.

Defendants move to dismiss on the grounds that 1) Defendants, in their official capacities, are entitled to Eleventh Amendment immunity; 2) Plaintiff fails to state a valid claim under the ADA; 3) Plaintiff fails to state a cognizable Eighth Amendment claim upon which relief can be granted; 4) Plaintiff fails to state an equal protection claim under the Fourteenth Amendment; 5) Plaintiff fails to allege facts showing personal participation by the defendants in Plaintiff's retaliation claims; and 6) Defendants are entitled to qualified immunity in their individual capacities. (Mot.)

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see*

*also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

*2.     Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (citations omitted).

*3.     Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Moreover, "[a] pleading that offers 'labels and conclusions' or a

5

formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations omitted).

## ANALYSIS

*1.  Sovereign Immunity*

Defendants assert that, to the extent they are being sued in their official capacities, they are entitled to Eleventh Amendment immunity.  (Mot. at 3-4.)  On this basis, they urge dismissal of all claims against Defendants in their official capacities for money damages.  (*Id.* at 4.)

*A.  Section 1983 Claims*

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer, v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities,

from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

A state's Eleventh Amendment immunity from suit is not absolute. First, a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). However, there is no dispute that the CDOC is an agency of the State of Colorado that has not expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Second, pursuant to its powers under Section Five of the Fourteenth Amendment, Congress may enact a statute abrogating a state's Eleventh Amendment immunity if the text of the statute explicitly manifests a desire to do so. *Coll. Sav. Bank*, 527 U.S. at 670. In his response, Plaintiff analogizes his case to *Florida Prepaid Postsecondary Education Expense Board v. College Savings Bank*, 527 U.S. 627 (1999), apparently in support of his contention that Congress has abrogated Defendants' Eleventh Amendment immunity. (Resp. at 3.) However, *Florida Prepaid* held that Congress did <u>not</u> have the authority under the Fourteenth Amendment to abrogate the States' sovereign immunity from suits under the Patent and Plant Variety Protection Remedy Clarification Act. 527 U.S. at 641. Moreover, Congress did not abrogate Eleventh Amendment immunity through Section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Therefore, to the extent Plaintiff seeks monetary relief from Defendants in their official capacities, Plaintiff's Section 1983 claims against the defendants are barred by the Eleventh

Amendment and should be dismissed for lack of jurisdiction. *See Starkey ex rel. A.B. v. Boulder County Soc. Servs.*, 569 F.3d 1244, 1260 (10th Cir. 2009) (noting jurisdictional nature of Eleventh Amendment sovereign immunity).

### B.     ADA Claims

As with his Section 1983 claims, Plaintiff's ADA claims against the defendants in their official capacities are barred by the Eleventh Amendment absent a valid exception. The State defendants, however, do not assert the Eleventh Amendment as a defense to Plaintiff's ADA claims. Because the defendants have neither raised nor briefed the issue of the validity of Congress's purported abrogation of state sovereign immunity in the ADA, *see* 42 U.S.C. § 12202, this court declines to decide the issue *sua sponte*. *See United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 941-42 (10th Cir. 2008) (court may raise Eleventh Amendment immunity *sua sponte*, but is not obligated to do so; "[u]nless the State raises the matter, a court can ignore it" (quoting *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998))). However, the court next determines whether Plaintiff has stated a claim under Title II of the ADA.

### 2.     Failure to State a Claim for Relief Under Title II of the ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This section is applicable to state prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory

definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government."). "To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

A disability within the meaning of the ADA requires proof that an individual has an impairment that limits one or more of his major life activities, has a record of such an impairment, or is regarded as having such an impairment. 42 U.S.C. § 12102(2). A "disability" under the ADA requires more than a diagnosis of mental or physical impairment. *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 198 (2002). Thus, a plaintiff must ultimately prove either an actual or perceived substantial limitation in a major life activity to prevail on a claim under the ADA.

Defendants do not address this element of a Title II claim. However, this court finds that Plaintiff, in his Complaint, identifies an impairment of which the defendants were allegedly aware and alleges that such impairment constitutes a disability under the ADA. Though Plaintiff ultimately must prove that he is substantially limited in a recognized major life activity to prevail on his ADA claims, at the pleading stage, Plaintiff's allegations regarding disability are sufficient. *See Equal Employment Opportunity Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) ("[S]o long as the complaint notifies the defendant of the claimed

impairment, the substantially limited major life activity need not be specifically identified in the pleading."); *cf. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) (holding that a plaintiff need not plead a *prima facie* case of employment discrimination to adequately allege a claim under Title VII of Civil Rights Act of 1964), *abrogated in part on other grounds by Twombly*, 550 U.S. 544.

Defendants seek dismissal of Plaintiff's ADA claims on the bases that Plaintiff fails to allege he was denied access to a program or service provided by the CDOC and that Plaintiff fails to allege Defendants denied him benefits because of Plaintiff's disability. (Mot. at 5-6.) The court agrees. Plaintiff alleges Defendants tried to force him to work in the kitchen as a maintenance worker. (Compl. at 4.) Plaintiff contends he told Defendants about his disability and that Defendant Huffman told him it was not his job to accommodate Plaintiff. (*Id.*) Plaintiff asserts he returned to the kitchen the following day and was told he had been released due to his condition. (*Id.*) Plaintiff contends he received a Class II disciplinary report a couple of days later. (*Id.*)

According to the exhibits attached to Plaintiff's Complaint, Plaintiff arrived for work in the kitchen on March 18, 2009, and told Defendant Fiscus that he was in too much pain to work.[1] (Compl. at 14.) When Defendant Fiscus inquired further, Plaintiff said, "I cant [sic] work in here, cant [sic] you see I use a cane." (*Id.*) Defendant Fiscus informed Plaintiff "medical states

---

[1] In deciding a Rule 12(b)(6) motion, the Court may consider documents that the complaint incorporates by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Oxendine, 241 F.3d at 1275 (documents attached as exhibits to the complaint).

he can work in food service so he needs to go to work." (*Id.*) When Plaintiff refused, he was sent back to his unit and locked down for the day. (*Id.*) Plaintiff later was charged with a "Failure to Work" violation. (*Id.* at 13.) At the disciplinary hearing, Plaintiff testified that he had met with Defendant Fiscus on three occasions and explained to her that he could not scrub the ovens. (*Id.*) However, Defendant Reed from the AIC testified that Plaintiff "had not indicated to them that he needs any accomodations [sic] to work" and that he "has been hesitant to take the initiative to fill out the proper paperwork to get the accomodations [sic]." (*Id.*) The exhibits presented by Plaintiff also show that he was given accommodations for his disability in October 2009. (*Id.* at 12.)

Plaintiff does not identify specific services, programs or activities from which he has been excluded. Plaintiff also has failed to allege that his job assignment to allegedly medically inappropriate work was done *because of his disability*. Rather, his complaint simply states that Defendants assigned him to work that he was physically unable to perform. (*See id.* at 4, 6.) Plaintiff does not provide facts to support discrimination, nor does he state that the allegedly improper job assignment was made because of his disability. On the contrary, the evidence shows that the defendants were unaware, due to Plaintiff's own failure to complete paperwork, that Plaintiff had a disability for which he needed accommodations. Plaintiff has thus failed to state a disability discrimination claim under the ADA.

### 3.     *Failure to State an Eighth Amendment Claim*

Defendants move for dismissal of Plaintiff's Eighth Amendment claims on the basis that Plaintiff fails to state a cognizable claim upon which relief can be granted. Plaintiff claims that

11

the defendants violated the Eighth Amendment's prohibition of cruel and unusual punishment and acted with deliberate indifference by forcing him to scrub oven walls while he was experiencing severe pain. (Compl. at 5.)

The Eighth Amendment is violated when a prison official acts with "deliberate indifference" to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The Eighth Amendment also proscribes deliberate indifference by prison officials to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference means that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. In the medical context, deliberate indifference means that prison medical staff knew of the inmate's serious medical need, but intentionally disregarded an excessive risk of harm to the inmate, or that prison guards or medical staff intentionally prevented the inmate from receiving prescribed treatment or intentionally delayed or denied him access to medical care. *Estelle*, 429 U.S. at 104-105; *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000); *Oxendine v. Kaplan*, 241 F.3d 1272, 1279 (10th Cir. 2001). The medical condition complained of must be sufficiently serious, such that "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).

"An inmate's allegations that prison officials knowingly forced him to perform medically inappropriate work implicates the Eighth Amendment." *Grady v. Edmonds*, No. 06-cv-01612,

2007 WL 2986167, at *6 (D. Colo. Jun. 11, 2007) (citing *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989)(recognizing that prison official's decision to place inmate on work detail knowing that work will significantly aggravate inmate's serious physical ailment would constitute deliberate indifference to serious medical needs); *Williams v. Director, Arkansas Dep't of Corrs.*, 148 F.3d 983, 987 (8th Cir. 1998)(prison officials violate the Eighth Amendment when they knowingly compel an inmate "to perform labor that is beyond an inmate's strength, dangerous to his life or health, or unduly painful")). In order to prevail in his claim, Plaintiff would need to show more than that defendant knew or should have known that plaintiff was medically restricted from work and that defendant required him to work nevertheless. In this case, Plaintiff fails to state a claim for an Eighth Amendment violation because Plaintiff admits he was not forced to perform the allegedly medically inappropriate work. Instead, Plaintiff refused perform the duties assigned to him, that he was sent back to his unit and locked down for the day, and that when he returned for duty the next day he was told he had been released due to his condition. (Compl. at 4.) Moreover, the evidence shows that the defendants were unaware that Plaintiff had a disability for which he needed accommodations or that he was medically restricted from working in the kitchen. (*See id.* at 13.) As such, Defendants' actions do not rise to the level of deliberate indifference required to establish a constitutional violation. Plaintiff's Eighth Amendment claim is properly dismissed.

### *4.     Failure to State a Fourteenth Amendment Claim*

Plaintiff alleges Defendants violated his Fourteenth Amendment rights by assigning him to work in the kitchen and by charging him with a violation for his failure to work. (Compl. at

9.)  Plaintiff contends that "[t]here are many inmates that work in the kitchen of the Sterling Correctional Facility that are not disabled and if they are in too much pain to work they are sent back to their room and locked down for the day" and that "[n]o write up is given for failure to work."  (*Id.*)  Plaintiff asserts Defendants discriminate against inmates with disabilities who are unable to perform work by giving them Class II write-ups.  (*Id.*)

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.' "  *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1).  "Equal protection 'is essentially a direction that all persons similarly situated should be treated alike.' "  *Id.* (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  To properly allege an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

Plaintiff claims that he is disabled and that he and other disabled prisoners have received disciplinary charges for their refusal or inability to work in allegedly medically inappropriate jobs.  On the other hand, Plaintiff alleges, non-disabled prisoners who are in too much pain to work are sent back to their rooms and locked down for the day without being written up.  Therefore, Plaintiff has alleged sufficient facts to demonstrate he has been treated differently from others with whom he is similarly situated.  However, " '[d]iscriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the

decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted). Plaintiff's Complaint is entirely devoid of any facts to sustain a claim that Defendants acted with purposeful discrimination. Accordingly, the court recommends that Plaintiff's Fourteenth Amendment equal protection claim against Defendants be dismissed.

### 5.     *Failure to State a First Amendment Retaliation Claim*

Plaintiff appears to assert a claim for retaliation, alleging that charging him with a violation "could be used to keep [Plaintiff] in the highest custody level of the Sterling Prison" and that "[b]ogus write-up[s] are often used as tools for retaliation and punishment." (Compl. at 8.) Defendants seek dismissal of this claim on the basis that Plaintiff has failed to allege facts showing personal participation in the alleged constitutional violation. (Mot. at 12.)

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To the extent Plaintiff alleges he was the victim of retaliation resulting in his transfer to SCF (*see* Compl. at 3, 5), Plaintiff has failed to allege any of the defendants were involved in the events leading to the transfer or the transfer itself. Likewise, to the extent Plaintiff alleges he

received a "bogus write-up" for his refusal to work in the kitchen at SCF (*see id.* at 8), Plaintiff fails to allege any personal participation by Defendants Huffman and Reed.  However, Plaintiff does state that Defendant Fiscus punished him by writing him up in order to keep Plaintiff in the highest custody level of the SCF.  (*Id.*)  Therefore, Plaintiff's allegations against Defendant Fiscus are sufficient to show her personal participation in the alleged constitutional violation.

"[T]o establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action."  *Baldauf v. Hyatt*, No. 01-cv-01315-REB-CBS, 2008 WL 280839, at *7 (D. Colo. Jan. 31, 2008) (quoting *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)).  However, an inmate is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity."  *Peterson v. Shanks*, 149 F.3d 1140,1144 (10th Cir.1998).

To prevail on the causation element of a claim for retaliation, Plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Id.* (citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990)).  That is, "it is imperative that [a] plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ( "[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Here, Plaintiff, other than his conclusory allegations that he believes he has been the victim of retaliation, has failed to demonstrate any constitutionally protected activity in which he was engaged that may have resulted in the alleged retaliation by Defendant Fiscus. Thus, Plaintiff fails to meet both the first and third prongs necessary to state a claim for a First Amendment retaliation claim. As such, Plaintiff's retaliation claim is properly dismissed.

### *6.  Qualified Immunity*

Defendants also argue that, in the absence of a constitutional violation, they are entitled to qualified immunity. (Mot. at 13–14.) The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Because of the purpose underlying qualified immunity, courts address qualified immunity questions differently from other summary judgment decisions. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must meet a "heavy two-part burden." *Id.* The plaintiff must establish both 1) that an officer's conduct violated the plaintiff's federal statutory or constitutional rights, and 2) that the rights in question were clearly established at the time of their alleged violation. *See Thomas v. Durastanti*, 607 F.3d 655, 662 (10th Cir. 2010). If the plaintiff fails to satisfy either

part of this "heavy two-part burden," the court must grant the defendant qualified immunity and dismiss the deficient claims.

Plaintiff has not met his burden here. As described above, Plaintiff has not established that Defendants violated his constitutional rights. Accordingly, the court need not address whether such rights were clearly established. *See Thomson v. Salt Lake County*, 584 F.3d 1304, 1312, n.2 (10th Cir. 2009). Defendants are entitled to qualified immunity.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss Plaintiff's Prisoner Complaint" (Doc. No. 15) be GRANTED, and that this case be dismissed, with prejudice, in its entirety for Plaintiff's failure to state a claim upon which relief can be granted.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of December, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge