IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00638-PAB

MICHAEL KEITH TIVIS,

    Plaintiff,

v.

MR. HUFFMAN,
MRS. FISCUS, and
MRS. MEGHAN REED,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 28] filed on December 9, 2010. Magistrate Judge Kathleen M. Tafoya recommends that defendants' motion to dismiss [Docket No. 15] be granted and that the case be dismissed with prejudice. Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Here, while plaintiff filed a response to the Recommendation [Docket No. 30], he posed no substantive objections to the Magistrate Judge's findings. Rather, he requests leave to amend his complaint.[1]

---

[1]The Court construes plaintiff's filings liberally because he is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). The Court is satisfied that there is "no clear error on the face of the record"[2] relating to the Recommendation's conclusion that plaintiff's claims are subject to dismissal. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.

The Court, however, will not accept that portion of the Recommendation recommending dismissal of all of plaintiff's claims with prejudice. The Court will not dismiss with prejudice plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against defendants in their official capacities. "In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004).

As for the remaining claims, plaintiff seeks leave to amend, but has not filed a motion to amend, *see Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

party fails to file a formal motion."), or submitted his proposed amended complaint.  *See Cohen v. Busch*, 2010 WL 2593937, at *14 (D. Colo. May 10, 2010) ("The court may also deny a motion to amend a complaint for failure to submit the proposed amendment.").  Nor has plaintiff adequately explained in his objection how he could remedy the deficiencies in his complaint.  Such deficiencies, however, do not necessarily require that his claims be dismissed with prejudice.  Although they often overlap, "denial of leave to amend and dismissal with prejudice are two separate concepts."  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  Here, plaintiff has not provided the Court with an adequate basis to grant him leave to amend his complaint, but the Court also cannot definitively determine on the present record that plaintiff would be unable to state any viable claim for relief.  He has simply failed to do so in the present action.  Therefore, the Court will dismiss plaintiff's remaining claims without prejudice.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 28] is ACCEPTED in part and REJECTED in part.  It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 15] is GRANTED.  It is further

**ORDERED** that plaintiff's complaint is DISMISSED without prejudice.  Judgment shall enter in favor of defendants and against plaintiff.

DATED December 28, 2010.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge